B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LEONARD J. ACKERMAN, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>DAVID MICHAEL PETERS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gary E. Slater/ Timothy J. Truxaw<br>Slater & Truxaw, LLP<br>15373 Innovation Drive, Suite 210, San Diego, CA 92128<br>Tel: (858) 675-0755; Fax: (858) 675-0733 | **ATTORNEYS** (If Known)<br>Defendant in Pro Se |

| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727 (a)(3), 727 (a)(4), and 727 (a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $0.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DAVID MICHAEL PETERS | BANKRUPTCY CASE NO.<br>23-00105-MM7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Margaret M. Mann |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br><br>LEONARD J. ACKERMAN, CHAPTER 7 TRUSTEE | DEFENDANT<br>LESLIE PETERS, aka LESLIE PETERS<br>THORNBURGH, aka LESLIE THORNBURGH | ADVERSARY<br>PROCEEDING NO.<br>23-90047 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Southern | DIVISION OFFICE | NAME OF JUDGE<br>Hon. Margaret M. Mann |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gary E. Slater | | |
| DATE<br>October 15, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gary E. Slater | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



1  Gary E. Slater (State Bar No. 99141)
   Timothy J. Truxaw (State Bar No. 106428)
2  SLATER & TRUXAW, LLP
   15373 Innovation Drive, Suite 210
3  San Diego, California 92128
   Telephone: (858) 675-0755 / Fax: (858) 675-0733
4
5  Attorneys for Plaintiff Leonard J. Ackerman, Chapter 7 Trustee

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10 | In re                                  | Case No. 23-00105-MM7
11 | DAVID MICHAEL PETERS,                  | Adv. No. _____
12 |          Debtor.                       | **COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO** *11 U.S.C. §§ 727(a)(2), 727 (a)(3), 727 (a)(4),* **and 727 (a)(6)**
13 | _____ |
14 | LEONARD J. ACKERMAN, Chapter 7 Trustee, |
15 |          Plaintiff,                    |
16 | v.                                     |
17 | DAVID MICHAEL PETERS,                  |
18 |                                        |
19 |          Defendant.                    |

20      Leonard J. Ackerman, Chapter 7 Trustee ("Trustee"), the chapter 7 trustee for the above-

21 captioned bankruptcy estate (the "Estate") of David Michael Peters ("Debtor"), files this complaint

22 against Debtor David Michael Peters ("Defendant"), and alleges as follows:

23                      <u>**JURISDICTION AND VENUE**</u>

24      1.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to

25 28 U.S.C. §§ 157(a) and 1334(b).

26      2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2),

27 including without limitation subsections (A),(E),(F), (H) and (O) thereof.

28      3.      This adversary proceeding arises under title 11 of the United States Code (the

*SLATER & TRUXAW*
*15373 INNOVATION DRIVE, SUITE 210*
*SAN DIEGO, CALIFORNIA 92128*

1

Case No. 23-00105-MM7

"Bankruptcy Code") and arises in the above-captioned case (the "Case") under the Bankruptcy Code now pending before this Court.

4. Venue of this adversary proceeding is properly before this Court pursuant to 28 U.S.C. §§ 1409(a), (c).

5. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. Pursuant to Local Bankruptcy Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if any matters are determined to be core. Pursuant to Local Bankruptcy Rule 7008-2, the Trustee hereby waives his right to a jury trial and consents to a bench trial in this adversary proceeding.

## PROCEDURAL BACKGROUND AND PARTIES

6. Defendant is a Debtor who commenced this Case by filing his voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 20, 2023 ("Petition Date"). On April 11, 2023, the Court entered its order converting the Case to a case under chapter 7 of the Code (ECF Doc. No. 141, the "Conversion Order").

7. Debtor commenced a previous bankruptcy case (Case No. 22-00036-LT11, the "Prior Case") by his filing in this Court on January 10, 2022, of a voluntary petition for relief under chapter 11 (subchapter V) of the Bankruptcy Code. The Court's order (ECF No. 60) dismissing the Prior Case was entered therein on March 14, 2022.

8. Plaintiff is the Chapter 7 Trustee pursuant to section 704 of the Bankruptcy Code serving as the duly-appointed trustee and authorized representative of Debtor's chapter 7 Estate at all times since the Court's entry of the Conversion Order.

## GENERAL ALLEGATIONS

A. **Monthly Operating Reports**

9. Defendant filed a certificate of credit counseling, instead of a voluntary petition, on January 20, 2023 to initiate this bankruptcy Case, then filed the Voluntary Petition under Chapter 11 on January 22, 2023 to correct the inaccurate document filed on January 20, 2023.

10. Defendant was required to file four (4) monthly operating reports with the Court from the Commencement Date of January 20, 2023 through the Conversion Date of April 11, 2023.

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

11.    Defendant filed no monthly operating reports.

12.    Because Defendant failed to file any monthly operating reports, Defendant did not report any financial activity.

**B.    Debtor-in-Possession Bank Account**

13.    According to the Complaint filed by the United States Trustee ("OUST") in Adversary Proceeding ("AP") Number 23-90042, ECF #1, "OUST Complaint"), the OUST never received any proof of the opening of the Debtor-in-Possession ("DIP") bank account and was not aware if the Estate's funds were transferred or kept in a DIP bank account.

**C.    Failure to File and Submit Documents Pursuant to Conversion Order**

14.    On April 11, 2023, the Court entered its Conversion Order and ordered Defendant to file, among other things:

a.    A schedule of all unpaid debts incurred after the commencement of the chapter 11 case, including the name and address of each creditor, within 14 days of the date of the Conversion Order;

b.    A final report and account and transmit to the OUST, within 30 days of the Conversion Order;

c.    Schedules and Statement of Financial Affairs as required by FRBP 1019(1)(A) and 1007(b), within 14 days of the Conversion Order.

15.    None of the required documents referenced above were filed with the Court within the deadlines set in the Conversion Order.

**D.    Plaintiff and OUST's Further Request for Information at Meeting of Creditors**

16.    At the meeting of creditors held pursuant to § 341(a) on June 6, 2023 and at all later continued meeting of creditors, Plaintiff appeared and requested various items to be produced by the Defendant, as follows:

a.    Filing of full and complete monthly operating reports that should have been filed in the chapter 11 for the months of January through April 2023 including bank statements of all bank accounts that were open at that time (DIP bank accounts and/or pre-petition bank accounts); and

b.    Supporting documents regarding accounting of and explanation of all funds

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

disbursed between March 23, 2023 (the date of the court hearing converting the case to chapter 7) and April 11, 2023.

17. At the meeting of creditors held pursuant to § 341(a) on June 6, 2023 and at all later continued meeting of creditors, Plaintiff and the OUST appeared and requested the following to be produced:

a. Filing of a schedule of all unpaid debts incurred after the commencement of the chapter 11 case, including the name and address of each creditor;

b. Filing and forwarding to Plaintiff or to the OUST a final report and account pursuant to FRBP 1019(5)(A)(ii);

c. Filing of accurate and complete Schedules and Statement of Financial Affairs;

d. Supporting documents regarding Defendant's ownership interest and fund transfers in and out of Fee Structured Plus;

e. Supporting documents regarding Defendant's ownership interest and fund transfers in and out of Lifetime Financial Advisors; and

f. Supporting documents regarding Defendant's interest in Via Valente LLC (which was already requested from the Defendant while the case was pending in chapter 11).

18. On June 8, 2023 and on several other occasions, Plaintiff and the OUST emailed the Defendant re-iterating the requests made at the various meetings of creditors.

19. Defendant has not filed any of the required documents directed by the Court in the Conversion Order nor any of the subset of the documents that Plaintiff and the OUST requested to be filed.

20. Neither Plaintiff nor the OUST ever received any documents responsive to the requests made at any of the meetings of creditors.

E. **Unlawful Transfers by Defendant**

21. The Trustee is informed, believes, and thereon alleges that, within one (1) year prior to the Petition Date, Defendant transferred or permitted to be transferred his property by the making of payments in the amounts of Three Hundred Fifty Thousand Dollars ($350,000.00) on January 14, 2022, and Five Hundred Thousand ($500,000.00) Dollars on or about January 21,

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

4

2022 to Leslie Peters, Defendant's sister ("Ms. Peters") with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate.

22.    The Trustee is informed, believes and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of the Defendant and financial institutions with which Defendant conducted business at times relevant to the payments referred to herein, that Defendant transferred, directly and/or by payments to Ms. Peters, the following sums totaling not less than Eight Hundred Fifty Thousand ($850,000.00) Dollars (collectively, the "Fraudulent Transfers"):

| Date of Payment | Amount |
|---|---|
| 01/14/2022 | $350,000.00 |
| 01/21/2022 | $500,000.00[1] |

At one of the continued 341 (A) meetings, when asked about the Fraudulent Transfers by Trustee's counsel, Defendant responded by invoking the 5th Amendment. Accordingly, on July 31, 2023, the Trustee initiated an adversary proceeding respecting the Fraudulent Transfers by his filing of a Complaint for Avoidance of Fraudulent Transfers, *et seq*., against Ms. Peters under 11 U.S.C. § 502, 547, *et seq.* (Adversary Proceeding Number 23-90047).

F.    **Defendant's Violation of Court's Turnover Orders**

23.    On July 25, 2023 this Court entered an order for turnover ("Residential Turnover Order," ECF #306) of Defendant's residence located at 308 Flores de Oro, Rancho Santa Fe, California 92067 ("Residence").  An Amended Writ of Possession was entered on August 28, 2023 (ECF 386-1), and Plaintiff took possession of the Residence on September 14, 2023 (ECF #457-1), through the United States Marshal turnover of same. In defiance of the Residential Turnover Order, Defendant broke into the Residence on multiple occasions.  Defendant was ultimately arrested by the San Diego County Sheriff on September 22, 2023, and issued a Notice to Appear for misdemeanor trespass pursuant to California Penal Code § 602.

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

---

[1] This $500,000.00 payment is the same payment referred to in paragraph 21 hereinabove, alternatively pled for avoidance and recovery under this claim for relief.

24.     On October 6, 2023, this Court issued its Turnover Order as to Firearms and Order Enforcing Turnover as to Real Property of the Estate in Possession of the Trustee ("Firearms Turnover Order," ECF #480), a copy of which is attached hereto as Exhibit "A."

25.     Pursuant to the Firearms Turnover Order, Defendant was ordered by this Court to surrender firearms in his possession by 5:00 p.m. on Monday, October 9, 2023.

26.     In defiance of the Firearms Turnover Order, Defendant failed to timely surrender the handgun he kept at his office and an additional handgun in his possession, to the San Diego County Sheriff's Department, by October 9, 2023 at 5:00 p.m.    On October 10, 2023, the Debtor was removed from his law office located at 191 Calle Magdalena, Unit #20, Suite 200, in Encinitas, California ("Law Office") by the U.S. Marshal.  The Trustee was placed in possession of the Law Office.  At the time of the turnover of the Law Office from the U.S. Marshal to the Trustee, a handgun kept by Defendant at the Law Office was found by the U.S. Marshal on October 10, 2023, and turned over to Plaintiff.  The second handgun remains outstanding, it has not been turned in by the Debtor and the Debtor has refused to reveal the location of the second handgun.

27.     Defendant's defiance of the Residential Turnover Order and the Firearms Turnover Order constitutes a refusal to obey lawful orders of this Court.

## I.

## FIRST CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO ABIDE BY COURT ORDERS UNDER 11 U.S.C. § 727(a)(6)

28.     Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

29.     The Court entered the Conversion Order directing Defendant to file certain documents with the Court and to transmit certain documents to the Trustee and the OUST.

30.     The Trustee is informed, believes, and thereon alleges that Defendant failed to file or transmit to Plaintiff or the OUST any of the required documents by the deadlines set forth in the Conversion Order.

31.     Plaintiff and the OUST specifically requested certain documents to be filed and documents to be transmitted to the Trustee or the OUST pursuant to the Conversion Order at the

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

various meetings of creditors.

32.    Defendant's defiance of the Conversion Order constitutes a refusal to obey the lawful order of this Court.

33.    Accordingly, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(6).

## II.

### SECOND CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO ABIDE BY COURT ORDERS UNDER 11 U.S.C. § 727(a)(6)

34.    Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

35.    The Court entered the Firearms Turnover Order directing Defendant to turnover over his two handguns, which he admitted he possessed and which he agreed to turn over to the San Diego County Sheriff.

36.    Defendant failed to turn over either of the two handguns in violation of the Firearms Turnover Order.

37.    Defendant's defiance of the Firearms Turnover Order constitutes a refusal to obey the lawful order of this Court.  Defendant continues to defy the Firearms Turnover Order by failing to deliver his second handgun to the San Diego County Sheriff.

38.    Accordingly, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(6).

## III.

### THIRD CAUSE OF ACTION: DENIAL OF DISCHARGE FOR FAILURE TO FILE MONTHLY OPERATING REPORTS UNDER 11 U.S.C. § 727(a)(2)

39.    Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

40.    Defendant failed to file any monthly operating reports for the months of January 2023 through April 2023.

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA  92128

41. Defendant's failure to file the monthly operating reports was done with intent to hinder, delay, or defraud a creditor to conceal property of the Estate.

42. By failing to file the monthly operating reports, Defendant has concealed property of the Estate, after the date of the filing of the petition.

43. The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(2).

**IV.**

**FOURTH CAUSE OF ACTION:**

**DENIAL OF DISCHARGE FOR DEFENDANT'S UNLAWFUL TRANSFER**

**UNDER 11 U.S.C. § 727(a)(2)**

44. Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

45. The Trustee is informed, believes, and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of Defendant and financial institutions which Defendant conducted business at times relevant to the payments referenced herein, that, within one (1) year prior to the Petition Date, on January 14, 2022, Defendant transferred or permitted to be transferred his property by directly and/or by making payment to Debtor's sister, Ms. Peters,  a payment of Three Hundred Fifty Thousand ($350,000.00) Dollars ("Fraudulent Transfer #1") with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate.

46. Based upon Defendant's Fraudulent Transfer #1, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(2).

**V.**

**FIFTH CAUSE OF ACTION:**

**DENIAL OF DISCHARGE FOR DEFENDANT'S UNLAWFUL TRANSFER**

**UNDER 11 U.S.C. § 727(a)(2)**

47. Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

48. The Trustee is informed, believes, and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of Defendant and financial institutions which

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

Defendant conducted business at times relevant to the payments referenced herein, that, within one (1) year prior to the Petition Date, on January 21, 2022, Defendant transferred or permitted to be transferred his property by directly and/or by making payment to Debtor's sister, Ms. Peters,  a payment of Five  Hundred Thousand ($500,000.00) Dollars ("Fraudulent Transfer #2") with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate.

49.    Based upon Defendant's Fraudulent Transfer #2, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(2).

**VI.**

**SIXTH CAUSE OF ACTION:**

**DENIAL OF DISCHARGE FOR FAILURE**

**TO FILE MONTHLY OPERATING REPORTS AND TO PROVIDE**

**REQUESTED INFORMATION UNDER 11 U.S.C. § 727(a)(3)**

50.    Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

51.    Defendant failed to file any monthly operating reports for the months of January 2023 through April 2023.

52.    Defendant failed to provide, among other things, proof of the opening of the DIP bank account to the OUST.

53.    Defendant failed to provide information that the OUST requested at the meeting of creditors held pursuant to § 341(a) on June 6, 2023 as set forth above.

54.    The Trustee is informed, believes, and thereon alleges that by failing to file any monthly operating reports and provide proof of the opening of DIP bank account and requested information, Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Defendant's financial condition or business transactions might be ascertained.

55.    The discharge of Defendant should be denied under 11 U.S.C. § 727(a)(3).

/././

/././

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA  92128

**VII.**

**SEVENTH CAUSE OF ACTION:**

**DENIAL OF DISCHARGE FOR DEFENDANT'S UNLAWFUL TRANSFER**

**UNDER 11 U.S.C. § 727(a)(3)**

56.     Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

57.     The Trustee is informed, believes, and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of Defendant and financial institutions which Defendant conducted business at times relevant to the payments referenced herein, that, within one (1) year prior to the Petition Date, on January 14, 2022, Defendant transferred or permitted to be transferred his property by directly and/or by making payment to Debtor's sister, Ms. Peters,  a payment of Three Hundred Fifty Thousand ($350,000.00) Dollars ("Fraudulent Transfer #1") with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate.

58.     Based upon Defendant's Fraudulent Transfer #1, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(3).

**EIGHTH CAUSE OF ACTION:**

**DENIAL OF DISCHARGE FOR DEFENDANT'S UNLAWFUL TRANSFER**

**UNDER 11 U.S.C. § 727(a)(3)**

59.     Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

60.     The Trustee is informed, believes, and thereon alleges, based upon Plaintiff's review and investigation of financial and banking records of Defendant and financial institutions which Defendant conducted business at times relevant to the payments referenced herein, that, within one (1) year prior to the Petition Date, on January 21, 2022, Defendant transferred or permitted to be transferred his property by directly and/or by making payment to Debtor's sister, Ms. Peters,  a payment of Five  Hundred Thousand ($500,000.00) Dollars ("Fraudulent Transfer #2") with the intent to hinder, delay or defraud a creditor of the bankruptcy Estate.

61.     Based upon Defendant's Fraudulent Transfer #2, the discharge of Defendant should

be denied under 11 U.S.C. § 727(a)(3).

## IX.

### NINTH CAUSE OF ACTION: DENIAL OF DISCHARGE FOR
### FAILURE TO FILE MONTHLY OPERATING REPORTS AND PRODUCE
### DOCUMENTS CONVERSION ORDER UNDER 11 U.S.C. § 727(a)(4)(D)

62.     Plaintiff incorporates by reference paragraphs 1 through 27, as though fully set forth herein.

63.     The Trustee is informed, believes, and thereon alleges that Defendant knowingly and fraudulently failed to file any monthly operating reports for the months of January 2023 through April 2023.

64.     The Trustee is informed, believes, and thereon alleges that Defendant knowingly and fraudulently failed to produce any documents responsive to the Conversion Order.

65.     Plaintiff is entitled to monthly operating reports that have not been filed and to monthly operating reports that show all of Defendant's bank accounts, including Defendant's DIP bank account, as those monthly operating reports relate to Defendant's property and financial affairs.

66.     Plaintiff is re entitled to documents responsive to the Conversion Order to determine the Debtor's financial affairs.

67.     Therefore, the discharge of Defendant should be denied under 11 U.S.C. § 727(a)(4)(D).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discharge of Defendant's debts be denied and that Plaintiff have such other and further relief as is just.

Dated: October 15, 2023                    Respectfully Submitted,

SLATER & TRUXAW, LLP


By:  /s/ Gary E. Slater
     Gary E. Slater
     Attorneys for Plaintiff
     Leonard J. Ackerman, Chapter 7 Trustee

SLATER & TRUXAW
15373 INNOVATION DRIVE, SUITE 210
SAN DIEGO, CALIFORNIA 92128

**Order Entered on**
October 6, 2023
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**325 West "F" Street, San Diego, CA  92101-6991**

In re

David Michael Peters

Debtor.

BANKRUPTCY NO.:  23-00105-MM7
Date of Hearing:  October 6, 2023
Time of Hearing:  10:00 a.m.

Name of Judge:    Margaret M. Mann

## TURNOVER ORDER AS TO FIREARMS AND ORDER ENFORCING TURNOVER AS TO REAL PROPERTY OF THE ESTATE IN POSSESSION OF TRUSTEE

IT IS HEREBY ORDERED as set forth on the eight continuation pages attached.

October 6, 2023

_Judge, United States Bankruptcy Court_

Page 2
DEBTOR: David Michael Peters                                    CASE NO: 23-00105-MM7

On October 6, 2023, a hearing was held before Hon. Margaret M. Mann in Dept. 1 of the U.S. Bankruptcy Court, Southern District of California, on Chapter 7 Trustee Leonard J. Ackerman's ("Trustee's") Motion ("Motion") for Temporary Restraining Order and Injunctive Relief ("TRO") against Debtor David M. Peters ("Peters") and His Agents for Stay-Away Orders from Real Property Located at 308 Flores De Oro, Rancho Santa Fe, CA ("Residence") and South Pointe Farms Development and Order to Show Cause for a Permanent Injunction Prohibiting Same ("OSC").  Appearances were made as on the record.

During the hearing, Peters provided testimony under oath admitting he broke into the Residence three times since Trustee took possession. Peters also agreed to turn over the firearms in his possession to the San Diego County Sheriff's Department ("Sherriff"). Peters declined to cross-examine Trustee or his counsel, both of whom submitted declarations in support of the Motion, on the limited issues raised in the Motion. Trustee declined to cross-examine Peters.

The court having considered the record of this case, the evidence submitted in support of the TRO; the joinder filed to Trustee's motion; Peters's Opposition; and testimony and argument made during the hearing and good cause appearing, the court will enter an order under 11 U.S.C. § 105 to enforce its orders and writs of possession to enjoin, restrain, and preclude Peters from coming within 5 feet of any of the real properties of which Trustee has taken possession, including the Residence and the cul-de-sac in which it is located; and 191 Calle Magdalena, Suite 200, and Units 16, 17 and 20 ("Office") but only upon Trustee's taking of physical possession of the Office scheduled to take place on October 10, 2023. Peters's request, made during the hearing, to delay turnover of the Office is denied.

Because the procedures and standards of Bankruptcy Rule 7065, including the short-term effect of a TRO are inapplicable, no OSC need be issued. This ruling will be without prejudice to Trustee seeking further relief that is not based on an order of the court pursuant to Bankruptcy Rule 7065 upon the filing of an adversary proceeding properly seeking such relief.

The TRO will be denied to the extent that it seeks relief outside the jurisdiction of the court. This includes relief for the benefit of the South Pointe Farms Homeowners Association whose rights Trustee lacks standing to assert. The court's jurisdiction similarly excludes any power to direct the Sheriff to exercise its police powers in any way.

Signed by Judge Margaret M. Mann October 6, 2023

Page 3
DEBTOR:  David Michael Peters                                                CASE NO:  23-00105-MM7

---

**Findings of Fact**

1. Peters filed a Chapter 11 bankruptcy case on January 20, 2023, that was converted to a Chapter 7 case on April 11, 2023. Schedule A/B lists the Residence and Office as assets.

2. Trustee employed a broker to sell the Office, whose application to employ was approved on July 25, 2023. Doc. 308. The court entered a turnover order for the Office on August 15, 2023, which is now final. Doc. 366. A Writ of Possession was entered on September 12, 2023. Doc. 416. Trustee has not taken possession of the Office which is imminent.

3. The court entered an order for turnover of the Residence on July 25, 2023, which is now final. Doc. 306. The court entered an order approving employment of the broker to facilitate the sale of the Property on August 23, 2023. Doc. 379. An Amended Writ of Possession was entered on August 28, 2023. Doc. 386-1. Trustee took possession of the Property on September 14, 2023. Doc. 457-1, ¶ 4. Peters sent Trustee an email on September 15, 2023, stating he intended to take back possession that evening. Doc. 457-1, ¶ 5; Doc. 447-2, Exhibit B. Peters informed Trustee and his counsel that he intends to continue to break into the Property. Doc. 457-1, ¶ 5.

4. Peters filed an emergency motion seeking to regain possession of Flores De Oro and to quash the writ of possession for Calle Magdalena on September 20, 2023. Doc. 431. The court denied Peters's emergency motion after hearing on September 28, 2023. Doc. 451. The court then set a hearing on this motion for October 6, 2023, at 10:00 a.m. with any opposition due by October 5, 2023, at noon. Doc. 451.

5. Peters requested an extension of time to file his opposition to October 5, 2023, at 3:00 p.m., which this court granted. Docs. 469, 470. Peters filed a declaration in opposition at 5:05 p.m. on October 5, 2023, two hours after the extended deadline. Doc. 475. Peters filed another untimely declaration at 4:05 a.m. on October 6, 2023. Doc. 476. The court considered the late filed papers and finds them irrelevant to the undisputed facts justifying this order, except for the admissibility argument which the court addresses.

6. Peters also requested a continuance of the hearing citing unspecified medical issues which the court denied given the emergency nature of the relief requested, Peters's ability to appear in court at another hearing a week ago, and his lack of detail or support for his medical condition that can be reviewed in

Page 4
DEBTOR: David Michael Peters                                    CASE NO: 23-00105-MM7

camera. *See Hicks v. Ass'n of Apartment Owners of Makaha Valley Plantation*, No. 14-00254 HG-KJM, 2016 U.S. Dist. LEXIS 99196, at *5 (D. Haw. July 28, 2016) (noting court had denied a continuance of trial finding the request lacked information regarding the medical issues and, although medical treatment can justify a delay of trial, "the delay must be supported by a 'detailed showing.'") (citing *Moffitt v. Ill. State Bd. Of Educ.*, 236 F.3d 868, 874-76 (7th Cir. 2001)). The court made accommodations for Peters to appear by Zoom but Peters appeared in person. The court also allowed Peters to file a declaration about his medical condition under seal until the court could determine if it could be kept confidential.

7. Trustee has personal knowledge that Peters has broken into the Property. Peters successfully broke into the Property and was in the Property on September 22, 2023. Doc. 457-1, ¶ 7. Peters's presence in the Property on September 22, 2023, was observed by one of Trustee's vendors who was repairing the pool. Doc. 457-1, ¶ 7. Trustee called the Sheriff who arrived at 9:45 a.m. and arrested Peters. Doc. 457-1, ¶ 7. Trustee arrived shortly thereafter.

8. The Sheriff issued a Notice to Appear for a misdemeanor for trespass pursuant to California Penal Code 602. Doc. 457-1, Exhibit A. The Notice states Peters was medically restrained and set a hearing on the Notice for December 19, 2023, at 8:00 a.m. Doc. 457-1, Exhibit A. Trustee personally observed Peters being loaded into the ambulance establishing his presence during the incident. Peters also admitted at the hearing that he broke into the Residence three times.

9. Trustee changed the security code for the Residence, but Peters accessed the gated community in which the Residence is located by using a neighbor's access code. Each of those attempts are recorded by computers for the security gate and reported to Trustee in writing and by phone. Doc. 457-1, ¶ 15. Trustee reported these three other break-in attempts to the San Diego Sherriff.

10. Peters sought to justify his break-in to the Residence claiming he needed to access clothes and other personal items. Peters's intent in breaking into the Residence is not relevant since the court is not imposing consequences at this time but merely ordering Peters' to stop this conduct.

11. Peters's various break-ins have been detrimental to the estate. Although Peters disputes that he broke a window and the door lock to the master bedroom as averred by Trustee (Doc. 457-1, ¶ 8), Trustee has identified fees he incurred for obtaining possession and securing the Property. Those fees are: (1) $2,000 to the U.S. Marshal for executing the turnover of the Property; (2) $4,700 in

Page 5
DEBTOR: David Michael Peters                                    CASE NO: 23-00105-MM7

locksmith fees to initially secure the Property and to resecure the Property after Peters's break ins; and (3) $600 per day fee for a security company to guard the Property. Doc. 457-1, ¶ 11.

12. Trustee and his realtor have each spent 20 hours at the Property, some of which was spent supervising the locksmith, although the time spent on that specific task was not quantified. Doc. 457-1, ¶ 11.

13. Trustee and his counsel have received threatening emails as follows:

    a. Peters sent Trustee and his counsel an email on June 13, 2023, requesting Trustee take a matter off calendar and stating he is not causing "additional harm or pain" but will. Doc. 457-2, Exhibit A.

    b. Peters sent Trustee and his counsel an email on July 25, 2023, stating, "You got your Death Sentence." Doc. 457-2, Exhibit B.

    c. Peters sent Trustee and his counsel an email on August 9, 2023, that is mostly unintelligible, but Trustee contends the email is a threat. Doc. 457-2, Exhibit C.

14. Peters admits he owns firearms. Doc. 104 (Amended Schedule A/B listing "2 handguns, .22 caliber rifle"). Peters claims these firearms exempt but the time to object to the exemptions has not expired. The firearms are therefore property of the estate and subject to turnover to Trustee. "From the filing of the Chapter 7 bankruptcy petition ….to the end of the thirty-day objections period [after the conclusion of the 341(a) hearing, the property "remained estate property." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1177 (9th Cir. 2014).

15. Peters testified at the hearing that he was willing to turn over the two firearms in his possession to the San Diego Sherriff for safekeeping. Peters identified the location of the handguns, one of which is in the Residence and the other is in the Office. Trustee may locate the gun in the Residence and turn it over to the Sheriff. Peters has agreed to turn over the other gun currently in the Office to the Sheriff. This deadline is warranted based on the pending writ that will be executed on Tuesday, October 10, 2023, as reported by Trustee at the hearing.

**Conclusions of Law**

1. Trustee requests the following relief in the TRO:

Signed by Judge Margaret M. Mann October 6, 2023

Page 6
DEBTOR: David Michael Peters                                        CASE NO: 23-00105-MM7

---

a. A.100-yard stay-away Orders from the Trustee, his Realtor, Christie Golemb, his attorneys (Gary E. Slater and Timothy J. Truxaw) and their staff at Slater & Truxaw, LLP, and the Trustee's agents (anyone who performs maintenance at the Residence), (hereafter the "Protected Persons"), while they are physically present at the Residence;

b. 100-yard stay away Orders from the security gate at the South Pointe Farms security gate and the entrance to Flores de Oro in Rancho Santa Fe, California;

c. Prohibit the Debtor from harassing, intimidating, attacking, stalking, threatening, damaging, or assaulting the Protected Persons or the Residence;

d. That Debtor be ordered to deposit his firearms with the San Diego County Sheriff and that he obtains a receipt therefor and provide a copy of that receipt to this Court.

e. That if Debtor violates any of the stay-away Orders that he be arrested by the San Diego County Sheriff's Department and be charged with criminal trespass and burglary and any other violations of the criminal law;

f. That the Sheriff's Department is authorized to utilize reasonable force to take the Debtor or any of his agents into custody who violate the restraining order, if necessary; and

g. That the restraining order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System. The Clerk of the Bankruptcy Court shall transmit the restraining order and its proof of service form to a law enforcement agency to be entered into CARPOS.

16. The court believes it lacks authority to enter requests e, f, and g because these requests seek this court to control actions of the Sherriff and thus state police power. The court lacks jurisdiction over the Sheriff's actions pursuant to 28 U.S.C. § 1452(a) *Id.* As used in this statute, "[police power] refer[s] to the enforcement of state laws affecting health, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the bankruptcy court." *Hillis Motors, Inc. v. Haw. Auto Dealers' Ass'n,* 997 F.2d 581, 591 (9th Cir. 1993); *See also Cavanagh v. Cal. (In re Plantica Landscape Corp.),* No. CC-05-

Signed by Judge Margaret M. Mann October 6, 2023

EXHIBIT "A"                                                    Page 6 of 9

Page 7
DEBTOR: David Michael Peters                                    CASE NO: 23-00105-MM7

1245-PaBK, 2006 Bankr. LEXIS 4888, at *24 (B.A.P. 9th Cir. Aug. 18, 2006) (finding bankruptcy court properly remanded a criminal case where the plaintiff was invoking the state's police power and that action disqualified removal of the case to bankruptcy court pursuant to 28 U.S.C. § 263).

17. Trustee requested the court order Peters to stay five feet from the Residence, including the cul-de-sac located in front of the Residence. This barrier would not prevent Peters from driving on the road which is overbroad.

18. This relief cannot be granted pursuant to Bankruptcy Rule 7065 and California Code of Civil Procedure § 527.6, however. Bankruptcy Rule 7065 only applies to adversary proceedings, but none was filed by Trustee. Bankruptcy Rule 7001 requires an adversary proceeding to issue injunctive relief. The ruling is without prejudice to an adversary proceeding being filed by Trustee.

19. The exception to the requirement of an adversary proceeding is where the court is authorized to act pursuant to § 105. "Injunctive relief is available in bankruptcy court in two ways: pursuant to the court's discretionary and inherent equitable power under section 105(a) 'to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title,' or under the auspices of Bankruptcy Rule 7065." *Rinard v. Positive Invest., Inc. (In re Rinard),* 451 B.R. 12, 22 (Bankr. C.D. Cal. 2011); *Eisen v. Golden (In re Eisen),* 2006 Bankr. LEXIS 4790, 2006 WL 6810928 (B.A.P. 9th Cir. 2006) (unpublished); *San Diego Cty. Credit Union v. Obmann (In re Obmann)*, No. CC-11-1156-HKiMk, 2011 Bankr. LEXIS 5298, at *13 (B.A.P. 9th Cir. Dec. 9, 2011) (unpublished).

20. To issue injunctive relief under § 105(a) the court must (1) "assure that the defendant is afforded the procedural protection of due process" and (2) "the remedy must conform to the objectives of the Bankruptcy Code." *Obmann*, 2011 Bankr. LEXIS 5298, at *14-15 (citing *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 975 (9th Cir. 2005)).

21. The first requirement of due process is satisfied. Due process, which requires notice and an opportunity to be heard, is required before the court can issue an injunction. *Obmann*, 2011 Bankr. LEXIS 5298, at *15. This standard is flexible and depends on the circumstances but must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

22. Peters was in personal attendance by Zoom at the hearing on September 28, 2023, when the court shortened time on the motion and set a deadline of

Page 8
DEBTOR: David Michael Peters                                    CASE NO: 23-00105-MM7

October 5, 2023, at noon for Peters to file an opposition. Doc. 451. Trustee then filed and served the motion on Peters. Docs. 457, 458. Peters requested and was granted an extension of time to October 5, 2023, at 3 pm to file his opposition. Doc. 469. Instead, he filed a motion for a continuance without addressing the merits of any opposition. There is no question Peters has received due process of the motion. Peters has known for two months that Trustee would take possession of his Residence to prepare it for sale. Peters has been aware for the same period of his obligation to turn over possession of the Office. Trustee has planned to store Peters's client files for review by Peters's counsel.

23. The second requirement of issuing §105 relief is that the remedy conforms to the objectives of the Bankruptcy Code. *Crown Vantage*, 421 F.3d at 975. This element is also satisfied. The court issued a turnover order for both the Office and the Residence. The evidence is uncontradicted, and Peters has admitted he has repeatedly broken into the Residence. It is also uncontroverted that Peters has resisted cooperating with Trustee to turn over the Office delaying Trustee taking possession.

24. The emails sent by Peters to Trustee and his counsel are also alarming. Each of the three emails contain some form of threat against Trustee and his counsel. This is particularly alarming given Peters being a registered gun owner and having listed firearms in Schedule A/B.

25. The court may issue an order using its inherent power to prohibit contact from one party to another where the party seeking the prohibition demonstrates the other party's bad faith and that they were threatened by the other party. *Palmer v. Milnor*, No. 22-35214, 2023 U.S. App. LEXIS 26328, at *5 (9th Cir. Oct. 4, 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).

26. Any relief entered under §105(a) is a permanent injunction for the remainder of this bankruptcy case unless otherwise ordered by the court. The basic facts are also undisputed. The court has issued turnover orders and there is a lack of cooperation and threats by Peters.

27. The court will not issue a restraining order against harassment unrelated to the Property. While this relief may be available pursuant to Bankruptcy Rule 7065 and California Code of Civil Procedure § 527.6, an adversary proceeding would be required. For this relief the court would not be enforcing its own orders; nor would it be implementing a specific provision of the Bankruptcy Code. That relief is beyond the scope of § 105, and is accordingly denied without prejudice.

Signed by Judge Margaret M. Mann October 6, 2023

EXHIBIT "A"                                    Page 8 of 9

Page 9
DEBTOR: David Michael Peters                                              CASE NO: 23-00105-MM7

---

28. Nor will the court deny Peters's access to the security gate. Trustee lacks standing to assert another party's rights. *Lopez v. Wendy's Int'l*, No. CV 11-00275 MMM (JCx), 2012 U.S. Dist. LEXIS 196652, at *17 (C.D. Cal. Sep. 18, 2012) (former employee lacked standing to obtain an injunction regarding working conditions for other employees).

29. If an adversary proceeding is brought, this court can look to the substance of California Code of Civil Procedure § 527.6 but must apply the federal procedural framework. *Volis v. City of L.A. Hous. Auth.*, No. CV 13-01397 MMM (SPx), 2013 U.S. Dist. LEXIS 200353, at *3 (C.D. Cal. July 22, 2013) (finding the district court applies federal rules of civil procedure, not state civil procedure, and declining to use the procedural structure provided in California Code of Civil Procedure § 527.6 and instead using the "federal procedural framework" to determine whether to issue a temporary injunction pursuant to California Code of Civil Procedure § 527.6).

30. Trustee's request that the Clerk of the Court send this order to a law enforcement agency to enter it into the California Restraining and Protective Order System ("CARPOS") is denied. Trustee has not cited to any authority demonstrating this court has the authority to deliver this order under § 105 to a law enforcement agency for entry into CARPOS. This ruling does not prohibit Trustee from delivering the order to a law enforcement agency that can enter the order into the CARPOS through the California Law Enforcement Telecommunications System.

BASED ON THESE FINDINGS OF FACT AND CONCLUSIONS OF LAW;

IT IS HEREBY ORDERED.

1. Peters must turn over the firearms in his possession to the San Diego County Sherriff by 5:00 p.m. on Monday, October 9, 2023.

2. Peters must be restrained and required to stay 5 feet away from any property of which Trustee has taken possession, including the Residence and the cul-de-sac in front of the Residence, and the Office.

IT IS SO ORDERED.

Signed by Judge Margaret M. Mann October 6, 2023